Douglas N. Silverstein, Esq. (SBN 181957)
dsilverstein@californialaborlawattorney.com
Michael G. Jacob, Esq. (SBN 229939)
mjacob@californialaborlawattorney.com
Catherine J. Roland, Esq. (SBN 266957)
croland@californialaborlawattorney.com
**KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.**
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3302
Phone: 310-273-3180 ♦ Fax: 310-273-6137

Attorneys for Plaintiff BARRY WILSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY WILSON<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAVESTREAM CORPORATION. et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-0061 AH-BFMx<br><br>ANNE HWANG, DISTRICT JUDGE<br><br>BRIANNA FULLER MIRCHEFF, MAGISTRATE JUDGE<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND SANCTIONS IN THE AMOUNT OF $10,800; DECLARATION OF CATHERINE J. ROLAND**<br><br>Date:　　　　March 11, 2025<br>Time:　　　　10:30 a.m.<br>Location:　　Courtroom 780<br><br>Action Filed:　November 7, 2023<br>Trial Date:　　August 12, 2025 |

**TO ALL PARITES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE take notice that on March 11, 2025 at 10:30 a.m. in Courtroom 780 of the above-entitled Court located at 255 E Temple Street, 7th Floor, Los Angeles, CA 90012, Plaintiff Barry Wilson ("Plaintiff") will move the Court to compel Wavestream Corporation, et al. ("Defendant") to provide Supplemental Responses to Plaintiff's First and Second Requests for Production of Documents pursuant to Federal Rule of Civil Procedure 34.

Plaintiff files this Motion to Compel pursuant to Federal Rule of Procedure 34 where Defendant Wavestream Corporation has failed to provide adequate discovery responses despite multiple extensions and direct court intervention. Declaration of Catherine J. Roland, ¶¶ 3 - 9. Plaintiff met and conferred with Defendant several times prior to bringing this motion, both in writing, including in a January 20, 2025 email, and in attending an Informal Discovery Conference with Judge Brianna Fuller Mircheff. *Id*. Despite meet and confer efforts, Defendant has neither supplemented these responses nor produced any documents beyond its initial disclosures. *Id*. The outstanding discovery is crucial to Plaintiff's whistleblower retaliation claims. *Id*. Additionally, Plaintiff still lacks firm deposition dates for one of Defendant's key witnesses, Defendant's Federal Rule of Civil Procedure 30(b)(6). *Id*. Given the prior delays and Defendant's failure to meet its own proposed deadlines for supplemental responses, Plaintiff submits that Defendant's objections have been waived and immediate compliance with all discovery requests should be ordered. *Id*.

This Motion will be based upon this Notice and the Memorandum of Points and Authorities, filed and served herewith, the pleadings, records and papers on file herein, and upon such other and further oral and documentary evidence as may be introduced at the time of the hearing.

///

///

DATED: February 21, 2025

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By:    /s/ *Catherine J. Roland*
DOUGLAS N. SILVERSTEIN
MICHAEL G. JACOB
CATHERINE J. ROLAND
Attorneys for Plaintiff Barry Wilson

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Barry Wilson ("Plaintiff") brought this lawsuit against his former employer, Defendant Wavestream Corporation ("Defendant"). Plaintiff was employed by Defendant as a Program Manager from January 10, 2022, until his wrongful termination on July 12, 2022, after he protested, among other things, fraudulent billing practices (included as it related to invoices issued to T-Mobile) and violations of the Sarbanes–Oxley Act ("SOX") (Declaration of Catherine Roland, hereinafter "Roland Decl." ¶ 3). Plaintiff served his first set of Requests for Production on October 15, 2023, and his second set on November 15, 2023 (Roland Decl. ¶ 4). After Plaintiff granted extensions, Defendant served responses on December 9, 2024 consisting entirely of boilerplate objections without producing any documents or indicating whether documents were being withheld based on those objections. (Roland Decl. ¶ 4).

Defendant finally supplemented its responses to Plaintiff's first set of Requests for Production on January 10, 2025 (yet did not provide a response to the second set of Requests for Production). (Roland Decl. ¶ 5-6). Despite having received extensions to provide substantive responses, Defendant served only objections to at least nine requests seeking relevant documents (Roland Decl. ¶ 5). Notably, no additional documents were produced aside from what Defendant had produced in conjunction with its Initial Disclosures. *Id*.

On January 20, 2025, Plaintiff's counsel sent meet and confer correspondence to counsel for Defendant, detailing the deficiencies with Defendant's responses to Plaintiff's First Set of Requests for Production, and requesting substantive responses to Plaintiff Second Set of Requests for Production. (Roland Decl. ¶ 6). Plaintiff requested a call to meet and confer on the responses, to which counsel for Defendant did not respond. *Id*.

Ultimately, an Informal Discovery Conference was held on February 10, 2025

with Judge Mircheff. Defendant represented documents and further responses would be forthcoming, and Defendant was ordered to provide responses and documents by February 12, 2025. (Roland Decl. ¶7). Defendant did not comply. Instead, Defendant served written responses to Plaintiff's Second Set of Requests for Production at 1:25 p.m. on February 14, 2025, with objections only to at least four of the requests, and indicated it would produce additional documents on Monday, February 17, 2025. *Id*. It did not provide further responses to Plaintiff's First Set of Requests for Production. Ultimately, Defendant never produced additional documents *Id*. The discovery requests at issue are attached to the Declaration of Catherine J. Roland as Exhibits A and B. Roland Decl. ¶8.

    Plaintiff relied on Defendant's counsel's professional representations as to when further responses would be forthcoming, only for Defendant to continue to delay and refuse to provide relevant and discoverable documents. (Roland Decl. ¶10). Defendant's delays are particularly prejudicial given the March 28, 2025 discovery cutoff. *Id*.

    Plaintiff now moves to compel further responses to both sets of document requests. The requests seek core documents directly relevant to Plaintiff's claims, including Plaintiff's personnel records, documents related to his complaints of unlawful conduct, Defendant's insurance policy, and communications regarding his termination. Defendant's blanket objections, coupled with repeated failure to produce documents it has assured are forthcoming, are improper under Federal Rule of Civil Procedure ("FRCP") 34. An order requiring further responses, and a document production, under FRCP 34 is necessary. Plaintiff also requests that Defendant provide a specific date for the deposition of Defendant's 30(b)(6), which Plaintiff has repeatedly requested, and Defendant has yet to confirm. (Roland Dec. ¶¶ 9 - 11.)

## II. LEGAL STANDARD

    Federal Rule of Civil Procedure 34(b)(2)(B) requires that for each item or

PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES

category of items requested, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." *Id*. R. 34(b)(2)(B) (emphasis added). The responding party must not only make specific objections but must also actually produce the requested documents. See Fed. R. Civ. P. 34(b)(2)(B); *Reinsdorf v. Skechers U.S.A., Inc*., 296 F.R.D. 604, 613 (C.D. Cal. 2013) (mere objections without production are insufficient). Defendant must also indicate whether it is responding to any non-objectionable part of the request. See Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest."). For example, the responding party may state that it "will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources." *Id*. R. 34 advisory comm. note to 2015 amend.

In addition to being required to specify the scope of its objection, Defendant must also comply with Rule 34(b)(2)(C), which directs that "an objection must state whether any responsive materials are being withheld on the basis of that objection." Id. R. 34(b)(2)(C). Boilerplate objections are improper. See *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general boilerplate objections "are inadequate and tantamount to making no objection at all"); see also *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (boilerplate objections do not comply with Rule 34's specificity requirement).

### III. DEFENDANT'S OBJECTIONS ARE IMPROPER

In response to each request, Defendant asserted a plethora of improper objections. As set forth herein, those objections are improper. For example:

Defendant objected to many requests under claims of *undue burden or that the requests were not proportional to the needs of the case*. Claims of undue burden must be supported by specific facts demonstrating burden and expense. *See Nationbuilder v. Everdata Tech., Ltd*., 2020 WL 9073465, at *2 (C.D. Cal. Sept. 16,

2020) (party claiming undue burden must provide specific evidence demonstrating burden and expense of production); see also *Perez v. Kazu Const., LLC*, 2017 WL 628455, at *12 (C.D. Cal. Feb. 15, 2017) (refusing to credit unsubstantiated claims of burden without "detailed explanation" of time and costs required). Rule 26(b)(1) addressees the proportionality factors which include "the importance of the issues," "the amount in controversy," or "the parties' relative access to relevant information." In its objections, Defendant failed to specifically identify how each of request was overbroad or not proportional.

Defendant's objections on the basis of requests being "overly broad in time and scope" similarly fail where, for example, the objections do not explain how requests limited to Plaintiff's seven-month employment period could be overbroad. See *Kwan Software Eng'g, Inc. v. Foray Techs*., LLC, 2014 WL 572290, at *10 (C.D. Cal. Feb. 11, 2014) (overruling boilerplate overbreadth objections that failed to explain 'specifically how the discovery request is overbroad' and holding that "boilerplate and general objections'. . . do not comply with Rule 34's requirement that objections be stated with specificity.").

Defendant's "vague and ambiguous" objections fail where Defendant did not identify what specific terms were unclear or why an ordinary person would not understand what is being requested. *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress* (2017 WL 2806962, C.D. Cal. June 20, 2017).

Defendant's privilege objections are procedurally defective because no privilege log was provided identifying the documents being withheld, as required by FRCP 26(b)(5)(A). This failure renders the privilege objections to Request Nos. 3, 19, and 21 inadequate on their face.

Most critically, for all requests, Defendant has failed to comply with Rule 34(b)(2)(C)'s explicit requirement to state whether any responsive materials are being withheld based on the objections. See Fed. R. Civ. P. 34(b)(2)(C). This makes it impossible to determine what documents exist and whether Defendant is

-4-
PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES

withholding them based on its boilerplate objections. *Bullard v. Roadway Express*, No. CV 06-4480 AGR (PJWx), 2007 WL 9710351 (C.D. Cal. Sept. 13, 2007).

The Court should compel further responses because Defendant's boilerplate objections fail to justify withholding clearly relevant documents that go to the heart of Plaintiff's whistleblower retaliation claims. See *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016).

### IV. DISCOVERY RESPONSES AT ISSUE AND WHY FURTHER RESPONSES ARE NECESSARY

Defendant Wavestream Corporation has systematically obstructed discovery by interposing a series of improper objections to Plaintiff Barry Wilson's document requests. Throughout both sets of requests for production, Defendant has repeatedly asserted blanket objections including claims of attorney-client privilege, work-product protection, vagueness, overbreadth, undue burden, lack of proportionality, and invasion of privacy. These objections are uniformly conclusory and fail to provide any meaningful explanation or specific basis for withholding documents. Most critically, Defendant has not complied with basic discovery rules by failing to provide a privilege log, specify which documents (if any) are being withheld, or demonstrate how the requested documents are somehow inappropriate for discovery in this whistleblower retaliation case. A brief summary of the discovery responses at issue is set forth below:

    ***a. Set One Requests for Production***

- Request for Production No. 3 seeks, "**[a]ny other paper and/or electronic file YOU maintain regarding PLAINTIFF, other than files solely created by YOUR attorney(s) after this lawsuit was filed**." This request seeks any file Defendant maintained *regarding Plaintiff* – any such file would surely be relevant and discoverable. Defendant objected that the request was "overly broad in time and scope, unduly burdensome, irrelevant, and not proportional to the needs of the case." Defendant also asserted attorney-client privilege – despite the fact that Plaintiff excluded privileged materials from its requests – but failed to provide a privilege log identifying withheld

documents as required by FRCP 26(b)(5)(A). These boilerplate objections fail to explain how producing basic files concerning the Plaintiff is burdensome, and the failure to provide a privilege log renders the privilege objection inadequate.

- Request for Production No. 12 requests, **"[a]ny and all DOCUMENTS, including but not limited to organizational charts or graphs, showing, describing, or explaining PLAINTIFF's position(s) while employed by YOU."**[1] Defendant interposed multiple objections, including claims of attorney-client privilege, work-product protection, vagueness, overbreadth, undue burden, and lack of proportionality. The requested organizational documents are directly relevant to establishing the reporting structure and chain of command during Plaintiff's employment (Roland Decl. ¶ 3). These documents are critical for revealing who had authority over Plaintiff's employment and are relevant to establishing managing agents for purposes of punitive damages. Defendant objected that this request was "vague and ambiguous" and "unduly burdensome," among other objections. Defendant of course fails to state how the straight-forward request is "unduly burdensome." There is nothing vague or burdensome about producing such straightforward organizational documents.

- Request for Production No. 15 seeks **records of discipline imposed on Plaintiff during his employment**. Despite a minor typo in the request, its meaning was clear. These records are clearly relevant where Defendant purportedly fired Plaintiff for performance. The documents are necessary to establish whether Defendant's stated reasons for termination is pretextual. Defendant objected that the request was "vague and ambiguous" and "not proportional." Defendant also objected on the basis of privilege, but again, failed to produce a privilege log. These objections fail because disciplinary records are directly relevant to any employment case, and Defendant has not explained how producing such records are privileged or would be disproportionate to the needs of the case.

---

[1] The request also includes a request for job descriptions, though Plaintiff agrees to narrow this request to organizational charts.

-6-
PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES

- Request for Production No. 18 asks for, **"[a]ll documents which mention, evidence, portray, communicate, relate to Barry Wilson's complaints to YOU, YOUR employees, YOUR agents or YOUR CONTRACTORS."** These documents are critical to establishing that Plaintiff engaged in protected SOX whistleblower activity by showing what complaints he made, when he made them, and to whom. These documents will also demonstrate Defendant's knowledge of the protected activity, a key element of proving causation in a retaliation case. Defendant provided only boilerplate objections without any substantive response, even though such documents are central to proving Plaintiff engaged in protected whistleblowing activity. The objections, for example, fail to explain why producing complaint-related documents would be burdensome or disproportionate.

-  Request for Production No. 19 seeks, **"[a]ny and all DOCUMENTS describing, evidencing, memorializing, or referring to any investigations YOU made into Barry Wilson's complaints."** These investigation records are crucial to proving how Defendant handled Plaintiff's protected whistleblower complaints about SOX violations and improper billing practices. The documents will show whether Defendant took appropriate investigative action or instead retaliated. Defendant objected based on burden and proportionality without explaining why producing investigation records would be difficult. These documents are directly relevant to Plaintiff's retaliation claims and Defendant's response to his protected activity.

- Request for Production No. 21 requests, **"[a]ll documents which mention, evidence, portray, communicate, relate to Barry Wilson's communications with Yael Bustin between on or about January 10, 2022 and the present."** Yael Bustin leads Defendant's Human Resource department in California. Clearly, Mr. Bustin's communications regarding Mr. Wilson are relevant to Mr. Wilson's claims as the communications involving him would revolve around employment decisions made regarding Plaintiff and establish Plaintiff's contacts with California (where Mr. Bustin is located). Defendant does not state how producing these documents would be unduly burdensome. Defendant's

-7-
PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES

boilerplate privilege objections fail without a privilege log identifying specific documents being withheld.

- Request for Production No. 24 seeks, **"[a]ny and all memoranda, handwritten notes, letters, correspondence, policies and policy numbers, pertaining to insurance policies which may cover YOU for damages and/or defense costs related to this action."** These insurance documents are plainly discoverable under FRCP 26(a)(1)(A)(iv) which requires automatic disclosure of insurance agreements that may cover a party's potential judgment. Courts consistently hold that insurance information is relevant and discoverable, particularly when it may impact the potential satisfaction of a judgment. *Gonzalez v. City of Clovis,* No. 1:12-CV-00053-AWI, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013). Moreover, Defendant has already disclosed in its initial disclosures the existence of at least one insurance policy that may provide coverage in this matter.

- Request for Production No. 26 requests, **"[a]ny and all DOCUMENTS that in any way discuss the allegations in PLAINTIFF'S COMPLAINT**." These documents are crucial to proving the core allegations of whistleblower retaliation as they will show how Defendant discussed and handled Plaintiff's protected SOX complaints internally. The documents may reveal the true reasons for Plaintiff's termination and whether it was causally connected to his protected activity. This type of request is routinely granted in employment cases. *Baughman v. Gen. Motors Corp.*, 780 F. Supp. 2d 1165 (C.D. Cal. 2011). Defendant's vagueness objections fail as the scope is clearly limited to documents relating to the complaint's allegations.

- **Request for Production No. 32** seeks electronically stored information containing specified search terms such as "Wilson + complaint!"," and/or "Barry" + complaint!", "term!", "discipline!", "T-Mobile!", "Avetta!", "Dakota Dudash!", "insurance! or "retaliate!". Given that most workplace communications now occur electronically, these emails and messages are relevant to Plaintiff's SOX complaints and the decision to terminate his employment, evidence that is crucial to proving retaliatory intent. Defendant objected based on burden without explaining why an ESI search would be difficult or

-8-
PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES

costly. In the digital age, running basic searches for relevant ESI is a standard discovery practice. *Levin v. Del Sordo*, 248 F.R.D. 457 (C.D. Cal. 2008) (explicitly affirmed that electronically stored information (ESI) is fully discoverable and should be produced absent extraordinary circumstances.)

b. **Set Two Requests for Production**

- **Request for Production No. 34** seeks, "[a]ll emails sent or received by Wilson to Candice including the term 'invoice,' 'supporting documentation,' 'SOX' and/or complaint." The only Candice in this case is Candice Brown, who has been deposed, so her identity and relevance to this case is clearly established. Wilson complained to Candice Brown of SOX violations. These emails will establish the details and timing of Plaintiff's protected complaints about SOX compliance issues with specific invoices The communications will demonstrate that Plaintiff reasonably believed the practices violated federal securities laws and that he communicated these concerns to management. Defendant's boilerplate objections fail to explain why searching for and producing such targeted email communications would be burdensome.

- **Request for Production No. 38** requests, **"[a]ll emails between Shahar Zitronblat, Randy Witten, Slava Frayter, and/or Candice Brown that includes the terms 'Barry' and/or 'Wilson' and/or 'Barry Wilson."** These internal communications among key players will likely reveal the real reasons for Plaintiff's termination and any discussion of his protected activity. Such contemporaneous communications are often the best evidence of retaliatory motive, particularly given the close timing between Plaintiff's complaints and his termination. Defendant's proportionality objections fails once again given Defendant's failure to identify how the requests are overly burdensome.

- **Request for Production Nos. 43 and 45** seeks emails relating to T-Mobile invoices that Plaintiff complained were not SOX compliant. These documents go directly to the substance of Plaintiff's protected whistleblowing activity. Defendant's boilerplate objections about burden and scope fail to explain why

-9-
PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES

producing these specifically identified communications would be difficult.

## V. DEFENDANT'S RULE 30(B)(6) DEPOSTION

Plaintiff has repeatedly requested a date for the deposition of Defendant's Person Most Qualified (PMQ) deposition under Rule 30(b)(6). Rule 30(b)(6) allows a party to depose a corporate entity by naming a corporate representative to testify on the organization's behalf about designated matters. Despite multiple communications, Defendant has failed to provide a firm date for this critical discovery mechanism. Accordingly, Plaintiff requests the Court compel Defendant to produce dates for the PMQ deposition prior to the discovery cutoff. Roland Decl. ¶9.

## VI. MONETARY SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).  Here, despite multiple time extensions, Defendant has failed to properly respond to Plaintiff's discovery requests.  This has impeded the case schedule set by this Court as the close of fact discovery is rapidly approaching. Defendant's actions are in line with their pattern of discovery evasion, delay, and abuse, as explained in detail above.  As set forth more fully in the Declaration of Catherine J. Roland, Plaintiff has incurred and will incur attorney fees totaling $10,800.00 in the filing, supplemental briefing, and argument. Roland Dec. ¶¶ 21.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's proposed order, including ordering Defendant to provide complete responses documents within 7 days, compel the FRCP 30(b)(6) deposition and award monetary sanctions in the amount of $10,800.00.

DATED: February 20, 2025  KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.


By: _____
    DOUGLAS N. SILVERSTEIN
    CATHERINE J. ROLAND
Attorneys for Plaintiff BARRY WILSON

## CERTIFICATE OF SERVICE

I hereby certify this 21st day of February, 2025 the foregoing:

**NOTICE AND MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $10,800.00; DECLARATION OF CATHERINE J. ROLAND, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS; and (PROPOSED) ORDER TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Frank C. Olah, Esq.<br>Frank.Olah@jacksonlewis.com<br>Raha Assadi<br>raha.assadi@jacksonlewis.com<br>Raymond Chavez<br>raymond.chavez@jacksonlewis.com<br>Art Escalante<br>arthur.escalante@jacksonlewis.com<br>JACKSON LEWIS, P.C.<br>725 S. Figueroa Street, Suite 2800<br>Los Angeles, California 90017-5408<br>Tel. (213) 689-0404<br>Fax (213) 689-0430<br><br>Attorneys for Defendant<br>WAVESTREAM CORPORATION | |

/s/ Michael Bew