UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-00061-AH-BFM | **Date:** | March 11, 2024 |

**Title:** *Barry Wilson v. Wavestream Corp. et al*

================================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings:** (In Chambers) Order Re: Plaintiff's Motion to Compel and for Sanctions (ECF 46)

Before the Court is Plaintiff's Motion to compel supplemental responses to Plaintiff's first and second sets of requests for production. (ECF 46.) Plaintiff also seeks monetary sanctions for the cost of bringing this Motion. For the reasons stated below, Plaintiff's motion is **granted**.

### I.  Factual Background

This is a wrongful termination lawsuit. Plaintiff was employed by Defendant from January 2022 until he was terminated in July 2022. Plaintiff alleges that he was terminated because he complained about what he perceived as violations of state and federal law. (ECF 1-1 at 8.)[1] Defendant denies

---

[1] For ease of reference, the Court refers to ECF generated page numbers throughout this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-00061-AH-BFM                **Date:**  March 11, 2024

**Title:**  *Barry Wilson v. Wavestream Corp. et al*

======================================================================

liability. (ECF 21 at 2.) The discovery cut-off in this case is March 28, 2025—just over two weeks away. (ECF 36.)

Plaintiff served his first set of requests for production on October 15, 2023, and a second set of requests on November 15, 2023. (ECF 46 ("Mot.") at 4.) Defendant served responses to the first set of RFPs on December 9, 2024. In Plaintiff's view, those responses were deficient because they consisted of boilerplate objections, no documents were produced, and Defendant failed to indicate whether it was withholding documents based on its objections. (Mot. at 4.)

On January 10, 2025, Defendant supplemented its responses to the first set of RFPs. Its supplemental responses consisted of additional objections and documents already produced in its Initial Disclosures. (Mot. at 4.) The parties met and conferred regarding Defendant's supplemental responses and Defendant's failure to provide substantive responses the second set of RFPs but reached an impasse.

The Court held an Informal Discovery Conference on February 10, 2025, to discuss the issues, and the Court gave Defendant a deadline to provide complete responses and responsive documents to both sets of RFPs, so that the parties could discuss specific objections at a second IDC. (ECF 43.) Defendant did not meet that deadline. (Mot. at 5.) The Court held a second Informal Discovery Conference on February 18, 2025, and authorized Plaintiff to proceed with a discovery motion. (ECF 45.)

On February 21, 2025, Plaintiff filed the instant Motion. In his motion, Plaintiff asks the Court to: (1) order rule-compliant responses and production

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-00061-AH-BFM                **Date:**   March 11, 2024

**Title:**   *Barry Wilson v. Wavestream Corp. et al*

======================================================================

of responsive documents to specific RFPs; and (2) issue monetary sanctions against Defendant.[2] (Mot. at 5, 13.) Defendant opposed the Motion. At bottom, Defendant argues that it has made a good faith effort to respond to Plaintiff's requests, and that, in any case, Plaintiff's requests are overly broad. (ECF 47 ("Opp.") at 3.)  Plaintiff filed a Reply. (ECF 48.) The Court heard argument on the Motion, and it is now ready for decision.

## II.   Discussion

### A.   Defendant's Responses to the Contested RFPs

Plaintiff contests the adequacy of Defendant's responses to his RFPs. Though Plaintiff discusses the relevance of specific RFPs, his argument as to all of them is essentially the same: Defendant has only ever provided boilerplate objections to his RFPs. (*See* Pl.'s Br. at 6.) Indeed, boilerplate objections are improper. *See A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *see also* Fed. R. Civ. P. 34(b)(2)(B) (objections must "state with specificity the grounds for objecting to the request, including the reasons.").

In its Opposition, Defendant makes no attempt to explain the basis for its objections. Instead, Defendant asserts that Plaintiff failed to satisfy *his* obligation to ensure his discovery requests were narrowly tailored. (Opp. at 4-5.) While it is true that Plaintiff is required to narrowly tailor his requests,

---

[2] There was a third request about the timing of a Rule 30(b)(6) deposition, but the parties informed the Court that that issue has been resolved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:** 2:24-cv-00061-AH-BFM      **Date:** March 11, 2024

**Title:** *Barry Wilson v. Wavestream Corp. et al*

===================================================================

Defendant's Opposition fails to articulate why the requests, as currently phrased, don't meet that standard. An objection is forfeited where a party fails to provide a specific basis for its objections in opposition to a motion to compel. *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009). Such forfeiture occurred here.[3]

    Defendant argues that Plaintiff's counsel herself admitted that the requests are overly broad—a claim supported by Defendant's counsel's declaration. (ECF 47-1 at 3.) The Court does not find that representation entirely credible. Plaintiff has consistently maintained that its requests were narrowly tailored throughout both IDCs and the instant Motion. (*See* Mot. at 7 (maintaining that Plaintiff's requests were not overbroad); ECF 48-2 at 3 (email from Plaintiff to the Court requesting an IDC).) Plaintiff's counsel avers that she merely offered to consider narrowing the requests if Defendant could show in which aspect the requests were overbroad, and that Defendant made no timely attempt to do so. (Reply at 2-3.) The Court was not privy to the communications between the attorneys, but Plaintiff's counsel's version does

---

[3] Defendant's counsel sent Plaintiff's counsel an email—the night before its Opposition was due—offering suggestions on how to narrow some of the outstanding requests. (ECF 47-1 at 27.) As far as the Court can tell, this is the first time Defendant offered concrete concerns about the breadth of the RFPs. Moreover, Defendant did not present any of those arguments in its Opposition, choosing, instead, to stand on its "burden" argument. (Opp. at 6.) These 1-2 sentence bullet points are not sufficient to preserve the objection because they do not specifically address why the RFP is overly broad or burdensome as written.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 2:24-cv-00061-AH-BFM      **Date:** March 11, 2024

**Title:** *Barry Wilson v. Wavestream Corp. et al*

======================================================================

fit with the offer counsel has made during the IDCs held in this Court. In any event, what matters now is adjudicating the objection, not adjudicating who said what and when about the objection.

For the reasons stated, the Court overrules Defendant's objection that the RFPs are overbroad. And because Defendant did not rely on any of its other objections in its Opposition, they are deemed forfeited and therefore overruled as well. *See MarketLinx, Inc. v. Indus. Access Inc.*, NO. CV 12-3496 CBM (FMOx), 2013 WL 12133884, at *2 (C.D. Cal. Jan. 2, 2013) ("[O]bjections that were raised in response to a particular discovery request, but were not argued in the [Opposition], are deemed waived.").

Plaintiff also objects to the form of Defendant's responses. He argues that Defendant's responses do not comply with Federal Rule of Civil Procedure 34 because they do not specify whether Defendant is withholding documents based on its objections. Plaintiff is correct here; Rule 34 requires such a certification. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Defendant's responses to the contested RFPs reflect objections, but do not specify whether any documents are being withheld based on the objections. (*See e.g.*, ECF 46-1 at 11 (stating objections to RFP 3 but not specifying whether responsive documents are being withheld).)

The Court therefore **grants** Plaintiff's Motion to compel supplemental responses to all contested RFPs—RFP Nos. 3, 12, 15, 18, 19, 21, 24, 26, 32, 34, 38, 43, and 45. Defendant must provide rule-compliant responses to each RFP and must produce any responsive documents **no later than March 14, 2025**. The Court imposes a tight turn-around, given the quickly advancing discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-00061-AH-BFM | **Date:** | March 11, 2024 |

**Title:** *Barry Wilson v. Wavestream Corp. et al*

===================================================================

cutoff, and the fact that Plaintiff's counsel may need time to pursue any deficiencies in Defendant's response.

### B. Discovery Sanctions

Plaintiff asks the Court to issue monetary sanctions representing the cost of bringing the motion. (Mot. at 13.) Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court may not order payment of costs if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.*

Defendant's position in this Motion is not substantially justified. Defendant has never—not in the IDCs, nor in its briefing on the Opposition—put before the Court a specific objection regarding the breadth of any of Plaintiff's requests. At most, it sent a belated meet and confer email (of the kind that should have happened months before) and then failed to follow through with any sort of briefing on its objections.

In terms of other circumstances that might make such an award unjust, Defendant's counsel attributes its shortcomings to its own logistical challenges, including her busy schedule and her client living overseas. (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-00061-AH-BFM | **Date:** | March 11, 2024 |

**Title:** *Barry Wilson v. Wavestream Corp. et al*

================================================================

Opp. at 2.)[4] Plaintiff has been exceedingly patient, but even now, just days before the discovery cutoff, Defendant continues to assert that discovery is ongoing and that it is unsure whether it has responsive documents. (Opp. at 7.) It is not Plaintiff's fault that Defendant's counsel is busy or that her client has not prioritized responding to these requests.

At the hearing on the Motion, Defendant's counsel stated her belief that Rule 37(a)(5) requires a higher showing than articulated in the text of the rule. In support of this new argument,[5] Defendant's counsel pointed the Court to *Experience Hendrix, L.L.C. v. Pitsicalis*, No. CV 21-3362 SSS (RAOx), 2024 WL 3467773 (C.D. Cal. June 17, 2024). But nothing in that case indicates that a

---

[4] Defendant also appears to partially attribute its failure to comply with its discovery obligations to the Court's denial of the parties' stipulated protective order. (Opp. at 7.) The Court notes, however, that it denied the protective order because of *both* parties' shortcomings; the Court advised the parties that they failed to provide a red-lined version of the protective order, as required by the Court's procedures, and ordered the parties to email such a version no later than December 30, 2024. (ECF 34.) The parties failed to do so, and the Court accordingly denied the proposed Order. (*See* ECF 40.) While a protective order may have been necessary to facilitate some of Defendant's responses, the blame rests, at least partially, on Defendant's failure to comply with the Court's procedures.

[5] Defendant's Opposition focused on the California standard, which is inapplicable in federal court. (*See* Opp. at 7 (citing Cal. Code Civ. Proc. § 2023.030).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:   2:24-cv-00061-AH-BFM                Date:   March 11, 2024

Title:   *Barry Wilson v. Wavestream Corp. et al*

======================================================================

higher burden of proof is required to impose sanctions under Rule 37(a)(5). While it is true that the court discussed the judgment debtor's evasiveness and misrepresentations in responding to discovery requests, *see id.* at *2-4, the judgment debtor's sanctionable conduct was his violation of the court's order to produce all responsive discovery. *Id.* at *4-5. The Court, accordingly, is not persuaded that a higher showing is required to impose sanctions under Rule 37(a)(5) than is articulated in the text of the rule.

Defendant has therefore failed to establish that any of Rule 37(a)(5)(A)'s exceptions apply. The Court accordingly **grants** Plaintiff's request for an order requiring Defendant to pay the reasonable costs and expenses incurred in bringing the Motion.

A question remains as to the amount. While Plaintiff's counsel estimates that it will expend $10,800 in arguing the motion (ECF 46-1), counsel did not attach detailed billing records capturing the time spent on the Motion. Nor does counsel's affidavit establish the reasonableness of her rate; she does not cite an example where $800 per hour was deemed a reasonable rate for her services, or other similarly experienced attorneys. Additional briefing on those points would thus be helpful to the Court.

**No later than April 1, 2025**, Plaintiff shall file a declaration describing the fees it contends it is entitled to recoup, supported by billing records and other relevant sources to support the requested fee. **No later than April 8, 2025**, Defendant shall file a response to Plaintiff's request. Failure to timely respond may be construed as consent to granting Plaintiff's request. The matter will be taken under submission upon receipt of Defendant's response, or once the time for filing that response has passed. To be clear, the briefing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-00061-AH-BFM  **Date:**   March 11, 2024

**Title:**   *Barry Wilson v. Wavestream Corp. et al*

=====================================================================

should be directed at the amount of the appropriate award, not whether an award is appropriate.

**IT IS SO ORDERED.**

cc:   Counsel of Record

Initials of Preparer:   ch